UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINDA DIANNE FOSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:09-CV-328 (CEJ) |
| | ) |
| W.J. ECKERT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for dismissal with prejudice, pursuant to Rule 41(a)(2), Fed.R.Civ.P. Defendant Deirdre Keller Foster (Deirdre) opposes the motion, and the issues are fully briefed.

### Background

Plaintiff Linda D. Foster is the sole income beneficiary of marital and residuary trusts established by her late husband. Defendants W.J. Eckert (Eckert) and David L. Baylard (Baylard) are the co-trustees. Deirdre is a remainder beneficiary of the trusts.

Plaintiff filed this action on February 27, 2009, seeking damages and injunctive relief. In Counts I and II of the complaint, plaintiff asserts claims of breach of fiduciary duty against trustees Eckert and Baylard. In Count III, plaintiff seeks the trustees' removal. Plaintiff named Deirdre as a defendant in this action, but asserts no claim for relief against her.[1] Plaintiff joined Deirdre only as a necessary party to the removal claim in Count III.

After Deirdre, Eckert, and Baylard filed answers, plaintiff "offered a global settlement and release of Defendant Trustees in exchange for the resignation of Eckert

---

[1] Peyton Clark Foster, Nayla Christine Foster, and Saint Jude Children's Research Hospital, Inc., were also joined as necessary parties to the claim to remove the trustees.

as Trustee, and [the] Trustees' cooperation in effectuating a smooth and prompt transfer of the Trusts' assets to Wells Fargo." (Doc. #67, at 5). According to plaintiff, Eckert agreed to resign and to return the unused portion of his $100,000 retainer to plaintiff. Id. Baylard resigned as trustee on February 12, 2008. Deirdre was not involved in the settlement discussions.

On January 4, 2010, plaintiff filed a motion to dismissal this action with prejudice, excluding, however, Deirdre's motion for attorney's fees. The next day, Deirdre filed her opposition to plaintiff's motion, arguing that plaintiff failed to obtain consent from all defendants as required under Rule 41 of the Federal Rules of Civil Procedure, and that plaintiff's motion does not adequately address the payment of trust monies to Eckert. On January 14, 2010, plaintiff and Eckert filed replies in support of plaintiff's motion to dismiss.

### Plaintiff's Motion to Dismiss

Federal Rule of Civil Procedure 41(a)(2) provides:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed.R.Civ.P. 41(a)(2).

Because the record indicates that Baylard resigned as trustee on February 12, 2008, and, pursuant to the settlement agreement, Eckert has agreed to resign as well, Count III of plaintiff's complaint is moot. Because Deirdre was joined only as a necessary party to the now-moot Count III, and she asserts no counterclaims, plaintiff is not required to obtain Deirdre's consent to dismiss her complaint, pursuant to Rule

41(a)(2), Fed.R.Civ.P. Therefore, the Court will dismiss plaintiff's complaint with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to dismiss this action with prejudice [Doc. #65] is **granted**.

**IT IS FURTHER ORDERED** that the dismissal of this action shall not affect the pending motion filed by defendant Deirdre Keller Foster for attorneys' fees and costs.

**IT IS FURTHER ORDERED** that the parties' joint motion for a hearing on plaintiff's motion for dismissal [Doc. #72] is **denied as moot**.

**IT IS FURTHER ORDERED** that the motion of defendant Deirdre Keller Foster to strike [Doc. #69] is **denied as moot**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file a first amended complaint [Doc. #58] is **denied as moot**.

**IT IS FURTHER ORDERED** that the second motion of defendant David L. Baylard for an extension time to complete discovery [Doc. #64] is **denied as moot**.

**IT IS FURTHER ORDERED** that plaintiff's motion for default judgment [Doc. #33] is **denied as moot**.

**IT IS FURTHER ORDERED** that the Order Referring Case to Alternative Dispute Resolution [Doc. #73] is **vacated**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 9th day of February, 2010.