UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINDA DIANNE FOSTER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 4:09-CV-328 (CEJ) ) |
| W.J. ECKERT, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant Deirdre Keller Foster (Deirdre) for attorney's fees and costs. Plaintiff filed a response, and the issues are fully briefed.

I.  **Background**

Plaintiff Linda D. Foster is the widow of A. Bryant Foster and sole beneficiary of the Marital and Residuary Trusts established by the Restatement of Declaration of Trust of A. Bryant Foster dated April 2, 1999, as amended on June 8, 2000. Defendants W.J. Eckert (Eckert) and David L. Baylard (Baylard) are the co-trustees. Deirdre is one of the remainder beneficiaries of the residuary trust.

Plaintiff filed this action on February 27, 2009, seeking damages and injunctive relief. In Counts I and II of her complaint, plaintiff asserts claims for breach of fiduciary duty against trustees Eckert and Baylard. In Count III, plaintiff seeks the trustees' removal. Plaintiff named Deirdre as a defendant in this action,

but asserts no claim for relief against her.[1] Plaintiff joined Deirdre only as a necessary party to the removal claim set forth in Count III.

After Deirdre, Eckert, and Baylard filed answers, plaintiff "offered a global settlement and release of Defendant Trustees in exchange for the resignation of Eckert as Trustee, and [the] Trustees' cooperation in effectuating a smooth and prompt transfer of the Trusts' assets to Wells Fargo." (Doc. #67, at 5). "Eckert agreed [to resign and] to deliver to [plaintiff] any unused portion of his $100,000 [attorney] retainer." Id. Baylard resigned as trustee on February 12, 2008. (Doc. #67, at 5; #67-3). Deirdre was not involved in the settlement discussions. (Doc. #67, at 5).

On November 4, 2009, Deirdre filed the instant motion for attorney's fees and costs. On February 9, 2010, the Court granted plaintiff's motion to dismiss this action, with the exception of Dierdre's pending motion.

II. Discussion

"Under the longstanding American Rule, parties are required to pay their own attorney's fees unless an award of fees is authorized by statute." Kelly v. Golden, 352 F.3d 344, 352 (8th Cir. 2003) (citation omitted). Missouri law provides that:

> In a judicial proceeding involving the administration of a trust, the court, as justice and equity may require, may award costs and expenses, including reasonable attorney's fees, to any party, to be paid by another party or from the trust that is the subject of the controversy.

MO.REV.STAT. § 456.10-1004. "[A] trust beneficiary may recover reasonable attorney's fees and costs from the trust estate where the efforts of the beneficiary

---

[1] Peyton Clark Foster, Nayla Christine Foster, and Saint Jude Children's Research Hospital, Inc., were also joined as necessary parties to the claim to remove the trustees.

result in real benefit to the estate." Hamerstrom v. Commerce Bank of Kansas City, N.A., 808 S.W.2d 434, 438 (Mo. Ct. App. 1991). See also In re Estate of Murray, 682 S.W.2d 857, 858 (Mo. Ct. App. 1984) ("Missouri seems to follow the rule that expenses incurred by a beneficiary of an estate . . . must be shown to be beneficial to the estate as a whole rather than to just individuals interested therein.").

Missouri courts have awarded attorney's fees to trust beneficiaries where (1) "[a] trust instrument . . . is so ambiguous that two or more persons may fairly make adverse claims to the fund[,]" or (2) "a trustee's duties are ambiguous and he sues for judicial construction of the testamentary trust." Id. (citations omitted). "However, where a challenge is made by a party solely for his own benefit and no benefit to the trust estate is demonstrated, an award for attorney fees payable from the trust estate cannot normally be made." Hamerstrom, 808 S.W.2d at 439 (emphasis added) (citing St. Louis Union Trust Co. v. Kaltenbach, 186 S.W.2d 578, 583 (Mo. 1945); Trautz v. Lemp, 72 S.W.2d 104, 108 (Mo. 1934) (*en banc*)).

Upon careful review of the record, the Court finds that Deirdre is not entitled to an award of attorney's fees and costs. This action did not involve the construction of a trust instrument. Deirdre, however, argues that she conferred a benefit on the trust by representing the interest of all the remainder trust beneficiaries. This argument is without merit because (1) Deirdre's counsel only represented her interests in this action; and (2) Deirdre asserted no claims against plaintiff. Cf., In re Estate of Perry, 978 S.W.2d 28 (Mo. Ct. App. 1998) (residuary beneficiary benefitted the estate as a whole by filing an action to remove the

personal representative); Murray, 682 S.W.2d 857 (same); In re Estate of Chrisman, 723 S.W.2d 484 (Mo. Ct. App. 1986) (a contingent beneficiary, who brought an action to compel settlement and to remove co-executors and co-trustees, conferred a benefit on the estate as a whole). Additionally, the Court is unaware of any legal authority (and Deirdre cites to none) that would entitle Deirdre to attorney's fees and costs based on her assertion that "she lacks the sufficient financial resources to pay the legal fees necessitated by this action." (Doc. #45, at 3).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Deirdre Keller Foster for attorney's fees and costs [Doc. #48] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 28th day of April, 2010.